People v Rodriguez-Acevedo (2023 NY Slip Op 51257(U))

[*1]

People v Rodriguez-Acevedo (Ramon)

2023 NY Slip Op 51257(U)

Decided on November 16, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 16, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-677 S CR

The People of the State of New York, Appellant, 
against
Ramon Rodriguez-Acevedo, Respondent. 

Suffolk County District Attorney (Sharyn Gitter and Pilar O'Rourke of counsel), for appellant.
Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Stephen L. Ukeiley, J.), dated September 23, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument is denied, the accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings.
Defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and unlawful possession of marihuana (Penal Law § 221.05), and was arraigned on these charges on September 10, 2020, at which time he requested the assignment of counsel. The court told defendant what he must do to be entitled to an assignment of counsel, which includes establishing his financial inability to obtain counsel (see generally CPL 170.10 [3] [c]), by explaining that defendant must "[f]ollow the instructions on the form" and "set [] up" an interview "as soon as possible." The court then adjourned the matter to October 16, 2020. Defendant failed to appear in court on that adjourned date and he also did not appear on the next three scheduled court dates, October 26, 2020, November 23, 2020, and February 8, 2021, the last being a virtual conference.
Defendant finally appeared in court on April 13, 2021 and again requested assigned counsel. The court informed defendant that the "officer is going to give you a sheet of paper. You will do a screening. There is a number to call, call that number and see if you're eligible for court appointed counsel. Bring that with you the next date." The record contains a Notice of Eligibility Recommendation, dated April 13, 2021, from the Assigned Counsel Defender Plan of Suffolk County, which stated that defendant was financially eligible for an assignment of counsel. The court adjourned the matter to April 27, 2021, on which date it assigned counsel to defendant. The case was adjourned to May 24, 2021 for counsel to speak with defendant. On May 18, 2021, the People filed an off-calendar combined certificate of compliance and statement of readiness (see CPL 30.30 [5]; 245.20, 245.50), which included a CPL 30.30 (5-a) certification. On June 22, 2021, defendant moved to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated. The People opposed the motion and, by order dated September 23, 2021, the District Court granted it. The People appeal, contending, among other things, as they did in their opposition papers, that the entire time that defendant was without counsel was excludable under CPL 30.30 (4) (f).
We find that the People sufficiently established that the time until at least April 13, 2021 was excludable based on defendant having been without counsel "through no fault of the court" (CPL 30.30 [4] [f]). It was not until that point that defendant requested assigned counsel, completed the form, which was a prerequisite to establishing his financial inability to obtain counsel, and was found to be eligible for an assignment of counsel (cf. People v Cortes, 80 NY2d 201, 209[1992] [finding that "it is both fair and reasonable to hold the courts accountable for deficiencies in the system such as occurred in this case, where the 18-B Panel failed to perform its basic mission of furnishing counsel to a defendant who could not afford to retain an attorney on his own"]). Consequently, since the People filed their combined certificate of compliance and statement of readiness on May 18, 2021, they did not exceed their statutory speedy trial time of 90 days (see Penal Law § 220.03; CPL 30.30 [1] [b]).
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument is denied, the accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2023